IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Michael Joseph Anderson,<br>  Plaintiff, | )<br>)<br>) |
| v. | )     1:14cv1149 (CMH/MSN) |
| | ) |
| Deputy Tonmy M. Rodriguez,<br>  Defendant. | )<br>) |

MEMORANDUM OPINION

Michael Joseph Anderson filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Defendant Rodriguez has filed a Motion for Summary Judgment, as well as a memorandum of law and supporting exhibits. Dkt. Nos. 26, 27. Plaintiff was given the Notice required by Local Rule 7(K) and the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Plaintiff has filed a response, and the matter is now ripe for disposition. For the reasons that follow, defendant's Motion for Summary Judgment must be granted.

I. Undisputed Factual Background

At all times relevant to this lawsuit, defendant Tonmy M. Rodriguez held the rank of Detective within the Loudoun County Sheriff's Office. Dkt. No. 27, Rodriguez Aff. ("Rod. Aff.") ¶ 1. On September 8, 2013, Rodriguez arrested plaintiff for public intoxication at or near a gas station parking lot located at 22605 Glenn Drive in Loudoun County, Virginia. Id. ¶¶ 2-3. At that time, plaintiff was 5'11" in height and weighed 195 pounds. Id. ¶ 5. Deputy Rodriguez was 5'5" in height and weighed 170 pounds. Id. Also at that time, while both men were visible from the public streets, Rodriguez observed that plaintiff smelled like alcohol, was slurring his speech, had glassy eyes, and was unsteady on his feet. Id. ¶ 3. Additionally, plaintiff yelled his

answers to Rodriguez and at one point, punched a wooden rail on a bridge near the gas station. Id. Upon these observations, Deputy Rodriguez arrested plaintiff for public intoxication, placed plaintiff in his police cruiser, and took plaintiff to the sally port, the controlled entryway, at the Loudoun County Adult Detention Center. Id. ¶¶ 3-4. While he was driving, Rodriguez's pistol, baton, and other defensive gear were located in the trunk of his cruiser. Id. ¶ 9.

After Rodriguez had placed plaintiff in the cruiser, radio dispatch informed Rodriguez that plaintiff had a history of aggression and that he had been hostile toward law enforcement in the past. Id. ¶ 5. When they arrived at the Loudoun County Adult Detention Center, plaintiff stepped out of the cruiser, and said to Rodriguez, "Don't fucking touch me." Id. ¶ 6. Rodriguez then seized plaintiff's left arm above the elbow and began to lead plaintiff to the door of the booking area. Id. ¶ 7. Plaintiff pulled away from Rodriguez's hand and elbowed Rodriguez in the chest with his left arm. Id. Rodriguez then hooked plaintiff's arm with his right hand in order to detain plaintiff. Id. Plaintiff began walking forward, dragging Rodriguez along with him. Id. Plaintiff, using his left leg, then kicked Rodriguez's right leg, causing Rodriguez to stumble. Id. Rodriguez then pushed plaintiff toward the hood of the police cruiser. Id. In order to maintain control over the situation, Rodriguez swept plaintiff's leg, causing plaintiff to fall onto the passenger side of the cruiser's hood. Id. While plaintiff was on the hood of the cruise, Rodriguez radioed for backup. Id. Plaintiff then attempted to get free of his handcuffs and pushed back against Rodriguez. Id. In response, Rodriguez guided plaintiff to the ground and placed his knee on plaintiff's back to keep him still. Id. While placed on the ground, plaintiff continued to resist and threatened to get an Uzi and start shooting cops once he got out of jail. Id. At this point, other deputies arrived and helped Rodriguez safely secure plaintiff. Id. ¶ 8.

At all times, Rodriguez used the minimum amount of force necessary to maintain control of plaintiff and to protect himself from bodily harm. Id. ¶ 9. As stated above, Rodriguez's pistol, baton, and other defensive gear were in the trunk of his cruiser at the time of the struggle and were not used at any time. Id.

Subsequent to the incident, Magistrate Judge Franchok issued a warrant for assault on a law enforcement officer, and a summons for public intoxication, to plaintiff. Id. ¶ 10. Subsequent to a jury trial on February 11, 2014, in the Circuit Court of Loudoun County, plaintiff was found not guilty of assault and battery and of intoxication in public. Dkt. No. 32, Ex. 2 (Crim. No. 25986-00, -01). The charges against plaintiff were dismissed by order dated July 25, 2014, but plaintiff continued to be held without bond on a parole violation. Id.

Plaintiff filed the instant action on August 27, 2014, alleging that Deputy Rodriguez violated his constitutional rights by: (1) falsely arresting him, and (2) using excessive during the course of the arrest.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the nonmoving party to point out the specific facts that create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985), abrogated on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the nonmoving party. Matsushita, 475 U.S. at 587.

### III. Analysis

A. *Plaintiff was not falsely arrested because Rodriguez had probable cause to believe that plaintiff was publically intoxicated prior to conducting the arrest*

The courts of appeals hold divergent views regarding whether and under what circumstances § 1983 provides a malicious prosecution or false arrest cause of action. See Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000), cert. denied, 531 U.S. 1130 (2001). In this circuit, a § 1983 claim for malicious prosecution and/or false arrest is properly understood "as a Fourth Amendment claim for unreasonable seizure which incorporates some of the elements of the common law tort."[1] Id.; see also, Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002)

---

[1] The Fourth Amendment guarantees "the right of the people to be secure in their persons,

(recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001) (§ 1983 claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment."). To prevail on a claim of false arrest, a plaintiff must show that the defendant lacked probable cause. Brown, 278 F.3d at 367; see also, Gatter v. Zappile, 67 F. Supp. 2d 515, 519 (E.D. Pa. 1999).

The elements of the crime at issue – public intoxication – are: 1) being intoxicated; 2) in public. Va. Code § 18.2-388 ("any person [who] . . . is intoxicated in public . . . shall be deemed guilty of a Class 4 misdemeanor"). "Intoxicated" is defined as having drunk enough alcohol "to observably affect[,] . . . speech[,] . . . or behavior." Id. § 4.1-100. "In public" is "a place in open view, visible to the community." Crislip v. Virginia, 554 S.E.2d 96, 98 (Va. 2001) (holding that arrestee was intoxicated "in public" while he was standing on his front porch). As to the first element of public intoxication, Rodriguez observed:

1. Plaintiff had a strong odor of alcoholic beverage coming from his person.

2. Plaintiff had glassy eyes.

3. Plaintiff had slurred speech when he spoke.

4. Plaintiff was in an excited state and yelled his answers to Rodriguez.

5. Plaintiff was unsteady on his feet.

6. Plaintiff punched one of the wooden rails on a bridge.

---

houses, papers, and effects against unreasonable searches and seizures [.]" U.S. Const. amend. IV. The "touchstone" of the Fourth Amendment is reasonableness. United States v. Knights, 534 U.S. 112, 118 (2001). Thus, the Fourth Amendment does not bar all searches and seizures, but only those that are "unreasonable." United States v. Reid, 929 F.2d 990, 992 (4th Cir. 1991).

Rod. Aff. ¶ 3. These facts constitute ample information leading Rodriguez to reasonably believe that plaintiff was intoxicated at the gas station. Plaintiff incorrectly argues that because he was found not guilty of the charged offenses, that there was no probable cause for his arrest. See Dkt. No. 32. However, the mere fact that the jury found that the Commonwealth of Virginia had failed to prove its case beyond a reasonable doubt has no bearing upon whether Rodriguez reasonably believed plaintiff was intoxicated in public prior to the arrest.

As to the second element of public intoxication, plaintiff's complaint and Rodriguez's affidavit clearly establish that plaintiff was on public property at all times before and during his arrest. Therefore, Rodriguez had probable cause to arrest plaintiff for public intoxication, and Rodriguez is entitled to summary judgment on this matter.

### B. Rodriguez did not use excessive force against plaintiff at the Loudoun County Adult Detention Center

The standard for excessive force is not the same for the process of arresting someone as it is for the control of a prisoner or pretrial detainee. Rodriguez arrested plaintiff at a gas station, so this Court should analyze the events at the Loudoun County Adult Detention Center sally port under the Fourteenth Amendment pretrial detainee test. However, even under the Fourth Amendment arrestee standard, Deputy Rodriguez did not violate plaintiff's rights.

#### i. Under the Fourteenth Amendment pretrial detainee test, Rodriguez did not use excessive force against plaintiff

Excessive force claims of pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment. See Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir.1997) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010). The "core judicial injury" is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 7

(1992); see also Whitley v. Albers, 475 U.S. 312, 320-21 (1986); McMillian v. Wake County Sheriff's Dep't, No. 10-1576, 2010 WL 4366478, at *3 (4th Cir. Oct. 28, 2010) (discussing excessive force claims of pretrial detainees). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." Hudson, 503 U.S. at 9; see also Orem v. Rephann, 523 F.3d 442, 446 (4th Cir 2008). The extent of injury suffered by the inmate is relevant to the inquiry, both because it may suggest whether the use of force could plausibly have been thought necessary in a particular situation, Whitley, 475 U.S. at 321, and because it may provide some indication of the amount of force applied. Wilkins, 559 at 36-37 (rejecting the notion that an excessive force claim involving only de minimis injury is subject to automatic dismissal). The de minimis use of physical force is generally excluded from constitutional recognition, Hudson, 503 U.S. at 9, and an inmate who complains of a "push or shove" that causes no discernable injury "almost certainly" fails to state a valid excessive force claim. Id. (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)). Nonetheless, "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins, 559 U.S. at 38.

Courts may consider "such factors as [1] the need for application of force, [2] the relationship between the need and the amount of force used, [3] the extent of injury inflicted, and [4] whether the force was applied in good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm." Orem, 523 F.3d at 446 (internal citations omitted).

Subsequent to arresting plaintiff at the gas station, Rodriguez brought plaintiff, now a

pretrial detainee, to the Loudoun County Adult Detention Center, and thereafter plaintiff become actively resistant, kicking Rodriguez, grabbing Rodriguez's arm, and attempting to extricate himself from handcuffs. Because words alone were not enough to calm plaintiff, and because Rodriguez reasonably believed plaintiff was intoxicated, Rodriguez needed to use force in order to subdue plaintiff and maintain control of the situation. Rodriguez used plaintiff's own momentum against him in an effort to bring plaintiff under control, first by placing plaintiff onto the cruiser's hood, and when plaintiff pushed off of the cruiser, onto the ground. Rodriguez largely directed plaintiff into a more controllable position by exerting as little of his own force as he could. Plaintiff does not allege any significant injuries; he only asserts that he had a few minor scratches and contusions, all of which were treatable with Band-Aids. Dkt. No. 32, Ex. 1; Dkt. No. 33 at 1. Plaintiff reported no sprains, strains, twists, tears, or broken bones. Additionally, all of Rodriguez's tools that he could have used to expel additional force against plaintiff – his pistol, baton, and Taser – were located outside his reach within the truck of his police cruiser during the struggle with plaintiff. There is absolutely no evidence that Rodriguez used force unnecessarily or wantonly, and instead the uncontested evidence suggests that Rodriguez used substantially less force than the law would have allowed him to subdue plaintiff. Rodriguez did not violate plaintiff's Fourteenth Amendment constitutional rights, and Rodriguez is entitled to summary judgment on this claim.

>   ii. <u>Even under the Fourth Amendment reasonableness test, Rodriguez did not use excessive force against plaintiff</u>

Assuming <u>arguendo</u> that plaintiff was being arrested at the time of the incident at the Loudoun County Adult Detention Center, Rodriguez used a reasonable amount of force in gaining control of plaintiff. The Fourth Amendment governs claims of excessive force during the course

of an arrest, investigatory stop, or other "seizure" of a person. Id. at 388. An excessive force claim under the Fourth Amendment is analyzed based on a standard of reasonableness. See Vathekan v. Prince George's County, 154 F.3d 173, 178 (4th Cir. 1998). This standard takes into account the severity of the alleged crime for which the person is being detained, whether the suspect poses a threat to the safety of the police officers or others, and whether the suspect was attempting to evade arrest by flight or actively resisting arrest. See Graham v. Connor, 490 U.S. 386, 396 (1989); see also Foote v. Dunagan, 33 F.3d 445 (4th Cir. 1994). The reasonableness of the use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 at 396 (citing Terry v. Ohio, 392 U.S. 1, 20-22 (1968)). To assess the objective reasonableness of the force used, a court must look at the salient events "in full context, with an eye toward the proportionality of the force in light of all the circumstances." Thomas v. Robinson, No. 1:04-cv-1145-LMB, 2005 WL 5714146 at * 4 (E.D. Va. Dec. 5, 2005) (Brinkema, J.) (internal quotations and citations omitted), aff'd, 192 F. App'x 209 (4th Cir. 2006).

In plaintiff's case, the crime at issue, public intoxication, was not severe; however, plaintiff actively resisted his arrest by kicking Rodriguez, grabbing Rodriguez's arm, and attempting to extricate himself from handcuffs. Plaintiff's active resistance, combined with the substantial size disparity between plaintiff and Rodriguez and the fact that Rodriguez's police tools that could have helped him maintain control were all in his trunk, gave Rodriguez latitude to use force to try and maintain control of plaintiff. Rodriguez never swung at plaintiff, he never placed plaintiff in a submissive hold, he did not injure plaintiff's muscoskeletal system in any way, and he did not use any weapon that could have caused plaintiff any substantial injury. Rather, Rodriguez exerted as little force as necessary to control plaintiff's resisting body, and attempted to use plaintiff's own

size against him by redirecting plaintiff's momentum during the struggle. Despite plaintiff's active resistance and struggle, he only suffered from minor scrapes and contusions to his face when Rodriguez pushed him to the ground, which occurred only after plaintiff had resisted after being placed on the hood of the cruiser and knowing Rodriguez had already called for backup. The uncontested evidence clearly establishes that Rodriguez used reasonable force against plaintiff, and Rodriguez is entitled to summary judgment.

Because the Court has made a determination on the merits of plaintiff's claims, a discussion as to defendant's qualified immunity arguments is not necessary.

### VI. Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment will be granted. An appropriate Judgment and Order shall issue.

Entered this 3rd day of June 2016.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia